ROBERTSON (MUNRO v.). See Case No. 9,927.

ROBERTSON (POLK v.). See Case No. 11,-250.

## Case No. 11,927.

### ROBERTSON v. ROE.

[5 McLean, 459.] [1]

Circuit Court, D. Ohio. April Term, 1853.

EJECTMENT—SERVICE OF NOTICE—TOWNS—CHARTER.

Where the charter of the town of Wellsville requires a certified copy of a summons to be served on the recorder, in all suits brought against the town, *held* it did not apply to an action of ejectment. In such a case a copy of the declaration and notice was a sufficient service.

[This was an action in ejectment by John W. Robertson against the town council of Wellsville. Heard on motion to dismiss.]

Mr. Stanbery, for plaintiff.
Mr. Swan, for defendant.

OPINION OF THE COURT. This is a motion to dismiss the suit, as the process was not properly served. The charter of the defendants requires that the first process, in all suits against the town shall be a summons, an attested copy of which shall be served on the recorder, at least ten days before the return. No such copy appears to have been served in the present case. A copy of the declaration was served, as is usual in actions of ejectment, and a notice to the person in possession. We are bound

[1] [Reported by Hon. John McLean, Circuit Justice.]

by the charter to give the notice as required, but the case before us is not strictly provided for by the charter. The service has been made, according to the ordinary forms of the action of ejectment. If we bring the case before us, within the charter, by construction, a technical application of the charter can not be expected. To look at the substance and give a liberal construction to bring the case within the charter, and then apply the rule technically would be improper. We think the service is sufficient. The service of process in this action is governed by established rules, and these are different from a mere summons. The copy of the declaration with the notice appended was sufficient service. The motion to dismiss is overruled.

[There was a recovery for the plaintiff. See Case No. 11,930.]